IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

IN RE:

SUMMIT VIEW, LLC,

ASHLEY GLEN, LLC,

RIVERWOOD, LLC

Debtors.
_____/

(Jointly Administered)
CASE NO. 8:09-bk-6495-MGW

CASE NO. 8:09-bk-13611-MGW

CASE NO. 8:09-bk-13612-MGW

## OBJECTION TO DISCLOSURE STATEMENT AND CONFIRMATION

Florida Design Consultants, Inc. ("FDC"), a creditor and party in interest, hereby objects to the Amended Joint Disclosure Statement and the Amended Chapter 11 Plans filed by Summit View, LLC, and Ashley Glen, LLC, and states:

1. FDC has filed a proof of claim in the Summit View case in the amount of $317,441.57 and a proof of claim in the Ashley Glen case in the amount of $137,165.25. Both claims are based on claims of lien filed against the respective properties. Both claims are filed as secured but specifically reserve the right to assert unsecured claims. Both claims specifically assert FDC's ownership of the copyrighted plans and drawings prepared by FDC.

2. The Amended Joint Disclosure Statement fails to include sufficient information about the Debtors' owner and managing member, JES Properties, Inc. ("JES"). FDC contracted

directly with JES and has pending state court litigation against JES. Just recently, JES' state court counsel withdrew and JES is currently unrepresented. FDC and others will likely be obtaining judgments against JES in the near future. The prospect of such judgments impacts feasibility of the Debtors' plans. Additionally, it has been represented that JES is owned jointly by Douglas Weiland ("Weiland") and his spouse. Documentary proof of such ownership and the timing of such ownership should be provided to the creditors in this case.

3. Additionally, the disclosure statement should give some indication of the relative priority of the competing construction lien claimants.

4. The plans do not comply with the Bankruptcy Code and are not proposed in good faith. The plans are nothing more than an effort by JES and Weiland to obtain releases and property that they would not otherwise be entitled to receive or retain. Neither JES nor Weiland are necessary to the Debtors' continued existence. The plans are structured to manipulate and gerrymander the vote to the benefit of JES and Weiland.

5. The continuance of JES and Weiland as the owner and controlling officer of the Debtors is not consistent with the interest of creditors or public policy.

6. FDC has not accepted the plans. *See* Ballots rejecting attached hereto. The plans do not otherwise comply with Sections 1129(a)(7) and (8).

7. The plans are not feasible.

8. The plans are neither fair nor equitable to FDC. The Summit View plan does not provide market terms to FDC on its secured claim. The Summit View plan provides 18% interest to the first position tax collector (and 5.5% for Mercantile Bank) but only provides 5.5% interest to FDC (who is behind Mercantile and the tax collector). A sixty (60) month term (with a 25-year amortization) for FDC is unfair given the twenty-four (24) month term provided for Mercantile. Absent evidence that Summit View will be able to make all payments to the tax collector and Mercantile, including the balloon at the two-year mark, FDC's lien will likely be extinguished with minimal payments being made on account of its secured claim. The Summit View plan does not otherwise comply with Section 1129(b)(2) of the Bankruptcy Code. The Ashley Glen plan inappropriately purports to extinguish the lien of FDC and otherwise fails to comply with Section 1129(b)(2).

9. The Summit View plan fails to provide adequate protection to FDC with respect to its construction lien as such lien expires under state law after one year (April 2010). The

plan must provide for a perfected lien on a going-forward basis without the need to comply with applicable state law.

10. The Summit View plan violates the absolute priority rule as it permits JES to receive or retain property and property rights under the plan. The Summit View plan otherwise fails to comply with Section 1129(b)(2)(B) of the Bankruptcy Code.

11. The Ashley Glen plan inappropriately provides for payments from Summit View for the purported benefit of unsecured creditors in Ashley Glen. The promised $30,000 over sixty (60) months will result in a distribution of less than 1% (assuming the payments are ever made).

12. To the extent either plan purports to transfer ownership of FDC's copyrighted plans and drawings, such plan improperly and illegally violates FDC's property rights and applicable state law.

13. To the extent that either plan purports to release JES or Weiland in any way or impact FDC's litigation against JES, FDC does not consent to such treatment. Any attempt to impair FDC's rights against non-debtor third parties is illegal and inappropriate.

4

Wherefore, FDC objects to the disclosure statement and plans.

/s/ Michael C. Markham
Michael C. Markham
Johnson, Pope, Bokor,
Ruppel, & Burns, LLP
P.O. Box 1368
Clearwater, FL 33757
(727)461-1818
FBN: 0768560
Attorneys for Florida Design Consultants, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished electronically upon all registered CM/ECF users in this case, on this 7th day of January, 2010.

/s/ Michael C. Markham
Michael C. Markham

513202

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SUMMIT VIEW, LLC,
ASHLEY GLEN, LLC,
RIVERWOOD, LLC

CASE NO. 8:09-bk-6495-MGW
CASE NO. 8:09-bk-13611-MGW
CASE NO. 8:09-bk-13612-MGW

Debtors.

(Jointly Administered)

_____/

## BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN OF SUMMIT VIEW, LLC

The Debtor, Summit View, LLC ("Debtor"), filed the Amended Chapter 11 Plan of Reorganization ("Plan"), referred to in this Ballot. The United States Bankruptcy Court for the Middle District of Florida, Tampa Division, ("Bankruptcy Court") approved the Amended Joint Disclosure Statement ("Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot.

**You should review the Amended Joint Disclosure Statement and the Amended Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim or interest has been placed in the categories of claims and interests set forth herein and as described more particularly in the Plan and Disclosure Statement. If you hold claims or equity interests in more than one class you can vote a separate ballot for each class in which you are eligible to vote and you can duplicate the enclosed ballots as necessary to cast all ballots to which you are entitled to vote.**

The Plan can be confirmed by the Court and thereby made binding on you whether or not you vote. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class rejecting it and otherwise satisfies the requirements of § 1129(b) of the Bankruptcy Code. To have your vote count, you must complete and return this Ballot by **January 7, 2010**.

| |
|---|
| Name of Claimant _Florida Design Consultants, Inc._ |
| The forgoing claimant, a class __10__ creditor of Summit View, LLC in the amount of $ _317,441.57_ |
| (check one box)   [ ] ACCEPTS   [X] REJECTS |
| the Amended Chapter 11 Plan of Summit View, LLC. |

Signed: _[signature]_

Dated: _1/7/10_

Print or Type Name: _Michael C. Markham_

Title: _Attorney for Claimant_

Address: _____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SUMMIT VIEW, LLC,
ASHLEY GLEN, LLC,
RIVERWOOD, LLC

CASE NO. 8:09-bk-6495-MGW
CASE NO. 8:09-bk-13611-MGW
CASE NO. 8:09-bk-13612-MGW

Debtors.

(Jointly Administered)

_____/

## BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN OF SUMMIT VIEW, LLC

The Debtor, Summit View, LLC ("Debtor"), filed the Amended Chapter 11 Plan of Reorganization ("Plan"), referred to in this Ballot. The United States Bankruptcy Court for the Middle District of Florida, Tampa Division, ("Bankruptcy Court") approved the Amended Joint Disclosure Statement ("Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot.

**You should review the Amended Joint Disclosure Statement and the Amended Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim or interest has been placed in the categories of claims and interests set forth herein and as described more particularly in the Plan and Disclosure Statement. If you hold claims or equity interests in more than one class you can vote a separate ballot for each class in which you are eligible to vote and you can duplicate the enclosed ballots as necessary to cast all ballots to which you are entitled to vote.**

The Plan can be confirmed by the Court and thereby made binding on you whether or not you vote. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class rejecting it and otherwise satisfies the requirements of § 1129(b) of the Bankruptcy Code. To have your vote count, you must complete and return this Ballot by **January 7, 2010.**

| |
|---|
| Name of Claimant Florida Design Consultants, Inc. |
| The forgoing claimant, a class 8 creditor of Summit View, LLC in the amount of $ 317,441.57 |
| (check one box)  [ ] ACCEPTS  [X] REJECTS |
| the Amended Chapter 11 Plan of Summit View, LLC. |

Signed: _/s/ illegible_

Dated: 1/7/10

Print or Type Name: Michael C. Markham

Title: Attorney for Claimant

Address: _____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SUMMIT VIEW, LLC,
ASHLEY GLEN, LLC,
RIVERWOOD, LLC

CASE NO. 8:09-bk-6495-MGW
CASE NO. 8:09-bk-13611-MGW
CASE NO. 8:09-bk-13612-MGW

Debtors.

(Jointly Administered)

_____/

## BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN OF ASHLEY GLEN, LLC

The Debtor, Ashley Glen, LLC ("Debtor"), filed the Amended Chapter 11 Plan of Reorganization ("Plan"), referred to in this Ballot. The United States Bankruptcy Court for the Middle District of Florida, Tampa Division, ("Bankruptcy Court") approved the Amended Joint Disclosure Statement ("Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot.

**You should review the Amended Joint Disclosure Statement and the Amended Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim or interest has been placed in the categories of claims and interests set forth herein and as described more particularly in the Plan and Disclosure Statement. If you hold claims or equity interests in more than one class you can vote a separate ballot for each class in which you are eligible to vote and you can duplicate the enclosed ballots as necessary to cast all ballots to which you are entitled to vote.**

The Plan can be confirmed by the Court and thereby made binding on you whether or not you vote. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class rejecting it and otherwise satisfies the requirements of § 1129(b) of the Bankruptcy Code. To have your vote count, you must complete and return this Ballot by **January 7, 2010.**

| |
|---|
| Name of Claimant  Florida Design Consultants, Inc. |
| The forgoing claimant, a class  4  creditor of Ashley Glen, LLC in the amount of $ 137,165.35 |
| (check one box)   [ ] ACCEPTS   [X] REJECTS |
| the Chapter 11 Plan of Ashley Glen, LLC. |

Signed: _Nee Clee_____

Dated: _1/7/10_____

Print or Type Name: _Michael C. Markham_

Title: _Attorney for Claimant_

Address: _____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SUMMIT VIEW, LLC,
ASHLEY GLEN, LLC,
RIVERWOOD, LLC

CASE NO. 8:09-bk-6495-MGW
CASE NO. 8:09-bk-13611-MGW
CASE NO. 8:09-bk-13612-MGW

Debtors.

(Jointly Administered)

_____/

**BALLOT FOR ACCEPTING OR REJECTING THE AMENDED
CHAPTER 11 PLAN OF ASHLEY GLEN, LLC**

The Debtor, Ashley Glen, LLC ("Debtor"), filed the Amended Chapter 11 Plan of Reorganization ("Plan"), referred to in this Ballot. The United States Bankruptcy Court for the Middle District of Florida, Tampa Division, ("Bankruptcy Court") approved the Amended Joint Disclosure Statement ("Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot.

**You should review the Amended Joint Disclosure Statement and the Amended Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim or interest has been placed in the categories of claims and interests set forth herein and as described more particularly in the Plan and Disclosure Statement. If you hold claims or equity interests in more than one class you can vote a separate ballot for each class in which you are eligible to vote and you can duplicate the enclosed ballots as necessary to cast all ballots to which you are entitled to vote.**

The Plan can be confirmed by the Court and thereby made binding on you whether or not you vote. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class rejecting it and otherwise satisfies the requirements of § 1129(b) of the Bankruptcy Code. To have your vote count, you must complete and return this Ballot by **January 7, 2010.**

| |
|---|
| Name of Claimant  Florida Design Consultants, Inc. |
| The forgoing claimant, a class __6__ creditor of Ashley Glen, LLC in the amount of $ 137,165.25 |
| (check one box)   [ ] ACCEPTS   [X] REJECTS |
| the Chapter 11 Plan of Ashley Glen, LLC. |

Signed: _/s/ illegible_

Dated: 1/7/10

Print or Type Name: Michael C. Markham

Title: Attorney for Claimant

Address: _____